UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIO ACOSTA,

      Petitioner,

    v.                       Case No.:  2:26-cv-01632-SPC-NPM

D.H.S. *et al.*,

      Respondents,

                                       /

## **OPINION AND ORDER**

Before the Court are petitioner Mario Acosta's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 8).

Acosta is a native of Cuba who was granted lawful status as a child of a U.S. citizen.  On November 19, 1999, an immigration judge ordered Acosta removed following his conviction for an aggravated felony.  He has been convicted of multiple crimes since then, detained by Immigration and Customs Enforcement ("ICE") following jail and prison sentences.  Most recently, ICE released Acosta on an order of supervision on June 22, 2018.  On September 11, 2025, local law enforcement arrested Acosta for possession of cocaine, possession of narcotics equipment, and trespassing.

On March 14, 2026, ICE notified Acosta it revoked his release under 8 C.F.R. § 241.13(i) because September 2025 arrest violated the terms of his order of supervision.  ICE took custody of Acosta and afforded him an informal

interview that day.  Acosta argues his detention is unlawful because there is no significant likelihood of removal in the reasonably foreseeable future and ICE failed to follow proper procedures for revocation of release.

Even assuming there is no significant likelihood of removal in the reasonably foreseeable future, Acosta's current detention is lawful.  8 C.F.R. § 241.13(i) allows ICE to revoke release when a noncitizen violates a condition of release.  Acosta does not contest that he violated a condition of release by violating state criminal laws.  ICE complied with § 241.13(i) by providing Acosta written notice of the reason for revocation and an opportunity to address that reason in an informal interview.  Acosta "may be continued in detention for an additional six months in order to effect [his] removal, if possible, and to effect the conditions under which [he] had been released."  8 C.F.R. § 241.13(i)(1).  After that six-month period, Acosta may request review of his detention by the HQPDU.  *See* 8 C.F.R. § 241.13(j).

It appears ICE has thus far complied with the applicable regulation and afforded Acosta the process he is due.  His detention is lawful.

Accordingly, it is hereby

**ORDERED:**

Mario Acosta's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on June 3, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record